[No. 19357.   Department One.—August 13, 1894.]

## MINNIE J. HERMAN, RESPONDENT, v. MILTON SANTEE ET AL., APPELLANTS.

|103|519|
|103|537|
|103|519|
|116|426|
|103|519|
|119|299|
|103|519|
|127|211|
|103|519|
|e149|692|
|149|693|

JUDGMENT BY DEFAULT—ENTRY OF DEFAULT—A valid judgment by default may be rendered by the court, though no formal default has been entered, the only purpose of a default being to limit the time during which the defendant may file his answer, which time never extends beyond a trial and judgment.

ID.—SERVICE OF SUMMONS—PROOF OF SERVICE—JURISDICTION—VALIDITY OF JUDGMENT.—The fact of the service of the summons and of the copy of a complaint in a civil action gives the court jurisdiction of the person of the defendant, and the proof of service is not essential to such jurisdiction; and a judgment by default rendered in a case where the proof of service was imperfect is not void if the service was in fact made.

ID.—AMENDMENT OF RECORD—PROOF OF SERVICE NUNC PRO TUNC.—The court may allow the proof of service to be amended and filed *nunc pro tunc* as of the date of the judgment, where such proof appears to have been defective or insufficient when the judgment was entered.

ID. —NOTICE OF APPLICATION FOR AMENDMENT—WAIVER.—Where the defendant was present in court when an application was made to file an amended proof of service of summons *nunc pro tunc*, and raised no objection for want of previous notice of the application, but proceeded to argue the question at length and took an exception to the ruling, his action was in effect a waiver of the notice, and he cannot be heard to complain on appeal of the action of the court on the ground that notice was not given of the application.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order granting a motion to supply proof of service of summons.

The facts are stated in the opinion.

*David L. Withington,* and *Works & Works,* for Appellant.

The judgment is void, and the court acquired no jurisdiction to enter judgment against this defendant,

there being no evidence of service of summons. (*Reinhart* v. *Lugo*, 86 Cal. 400; 21 Am. St. Rep. 52; *Barney* v. *Vigoureaux*, 75 Cal. 376; *Lyons* v. *Cunningham*, 66 Cal. 42; *People* v. *Greene*, 74 Cal. 403; 5 Am. St. Rep. 448; *People* v. *Mullan*, 65 Cal. 396; *Junkans* v. *Bergin*, 64 Cal. 203; *Providence Tool Co.* v. *Prader*, 32 Cal. 636; 91 Am. Dec. 598; *Willson* v. *Cleaveland*, 30 Cal. 193; *Bond* v. *Pacheco*, 30 Cal. 535; *Glidden* v. *Packard*, 28 Cal. 650.) If the judgment be not void, yet it was error for the clerk to enter the default without proof of service, which error can be reviewed on appeal. (*Horton* v. *Gallardo*, 88 Cal. 581; *Weeks* v. *Gold Mining Co.*, 73 Cal. 600; *Yolo County* v. *Knight*, 70 Cal. 431; *Hog's Back Co.* v. *New Basil Co.*, 63 Cal. 121; *Howard* v. *Galloway*, 60 Cal. 10; *Weil* v. *Bent*, 60 Cal. 603; *Cardwell* v. *Sabichi*, 59 Cal. 490; *Maynard* v. *MacCrellish*, 57 Cal. 355; *Maud* v. *Wear*, 55 Cal. 25; *Baldwin* v. *Morgan*, 50 Cal. 585; *Campbell* v. *Adams*, 50 Cal. 203; *Drake* v. *Duvenick*, 45 Cal. 463; *People* v. *Bernal*, 43 Cal. 388; *Peck* v. *Strauss*, 33 Cal. 678; *Ricketson* v. *Compton*, 23 Cal. 650; *Dorente* v. *Sullivan*, 7 Cal. 279; *Pico* v. *Sunol*, 6 Cal. 294.) The error is not cured by the proof of the fact of service. (*Reinhart* v. *Lugo*, 86 Cal. 401; 21 Am. St. Rep. 52; *Ricketson* v. *Compton*, 23 Cal. 650.) The application to file the amended affidavit was without notice, and the order authorizing the filing was therefore erroneous. (*O'Conner* v. *Wilson*, 57 Ill. 230.)

*Conklin & Hughes*, for Respondent.

It is the fact of service which gives the court jurisdiction, not the proof of service, and the court has full authority to receive amended affidavits of service after judgment. (*Allison* v. *Thomas*, 72 Cal. 562; 1 Am. St. Rep. 89; *In re Newman*, 75 Cal. 213; 7 Am. St. Rep. 146; *Sichler* v. *Look*, 93 Cal. 608; *Rickards* v. *Ladd*, 4 P. C. L. J. 52; *Frisk* v. *Reigelman*, 75 Wis. 499; 17 Am. St. Rep. 204; *Burr* v. *Seymour*, 43 Minn. 401; 19 Am. St. Rep. 245; *Shenandoah R. R. Co.* v. *Ashby's Trustees*, 86 Va. 232; 19 Am. St. Rep. 898; Freeman on Judgments,

4th ed., sec. 89 *b*.   See Mr. Freeman's note to *Reinhart*
v. *Lugo*, 21 Am. St. Rep. 56; *Tyler* v. *Jewell*, 11 S. W.
Rep. 25; *Hefflin* v. *McMinn*, 2 Stew. 492; 20 Am. Dec.
58; *Hackett* v. *Lathrop*, 36 Kan. 661; *Lick* v. *Stockdale*,
18 Cal. 219; *Sharp* v. *Lumley*, 34 Cal. 611; *Crim* v. *Kessing*, 89 Cal. 486; 23 Am. St. Rep. 491.)   No notice of
filing the amended affidavit was necessary.   The judgment was upon default.   (See *Crim* v. *Kessing*, 89 Cal.
486; 23 Am. St. Rep. 491; *Rickards* v. *Ladd*, 6 Saw. 40;
4 P. C. L. J. 52.)   The entry of the default being
only a ministerial act of the clerk, for the purpose of
limiting the time for the defendant to answer, the judgment would be absolutely good, even though the clerk
had never entered, nor attempted to enter, any default.
(*Drake* v. *Duvenick*, 45 Cal. 462, 463.)

BELCHER, C.—This action was brought to foreclose a
mortgage given to secure payment of a promissory note
made by the appellant, Milton Santee.   On September
8, 1892, a decree of foreclosure was entered as prayed
for, reciting that the " defendants have been duly and
regularly summoned to answer unto the plaintiff's complaint herein, and made default in that behalf, and that
the default of each defendant for not appearing and
answering unto plaintiff's complaint has been duly
and regularly entered herein."   Subsequently, appellant
gave notice of a motion to vacate and set aside the
decree, so far as it provided for a deficiency judgment
against him, upon the ground that previous to the institution of the action he had been discharged from the
indebtedness sought to be enforced by a discharge in
insolvency.   The motion came on to be heard on September 1, 1893, both parties being present in court by
their attorneys.   Before the hearing commenced the
respondent, without any previous notice, presented to the
court an amended affidavit of service of the summons
and complaint in the case, and asked for an order that
the same be filed *nunc pro tunc* as of September 8, 1892,
and made a part of the judgment-roll.   The attorney

for appellant objected to the order asked for, and stated that: "As the decision of the motion would in his judgment be decisive of the motion made to vacate the judgment by defendant Santee, he would like permission to introduce his authorities upon the motion before the court." Thereupon the motion was argued "at length," and during the course of the argument the attorney stated that he appeared as *amicus curiæ*. After the argument was concluded the court granted the motion, and the appellant excepted to the ruling.

The appeal is from the judgment and the order granting respondent's motion.

The summons was served by a person other than the sheriff, and the affidavit of service, as originally made and returned, was defective and insufficient because it did not state that the affiant was over the age of eighteen years at the time of the service.

The appellant contends that because the affidavit of service was insufficient the clerk had no authority to enter the default, and the court had no jurisdiction to enter the judgment, and that both the default and judgment were void.

It is true that the clerk was a mere ministerial officer, and could perform only ministerial duties. Conceding, therefore, that in the absence of due proof of the service of the summons the clerk had no right to enter the default, still that fact is unimportant, and can cut no figure in the decision of the case. A valid judgment by default may be rendered by the court, though no formal default has been entered. "The only purpose of a default is to limit the time during which the defendant may file his answer, and that time never extends beyond a trial and judgment." (*Drake* v. *Duvenick*, 45 Cal. 463.)

The important question then is, Was the judgment void? Section 416 of the Code of Civil Procedure declares that: "From the time of the service of the summons and of a copy of the complaint in a civil action, . . . . the court is deemed to have acquired juris-

diction of the parties, and to have control of all the subsequent proceedings." In *Pico* v. *Sunol*, 6 Cal. 295, it is said: "Jurisdiction of the person of defendant is acquired by the service of process, and dates from such service, and not from the return." And in *Drake* v. *Duvenick*, 45 Cal. 463, it is said: "The fact of service was material, and from the time service was made the court was deemed to have acquired jurisdiction. The return of service might be formal or informal, perfect or imperfect, still if service were in fact made, the court acquired jurisdiction of the person of the defendant." So in *In re Newman*, 75 Cal. 220, 7 Am. St. Rep. 146, it is said: "It is the *fact of service* which gives the court jurisdiction, not the proof of service."

The amended affidavit of service, which the court allowed to be filed, was in all respects in proper form, and showed that the appellant was regularly served with a copy of the summons and complaint. None of the facts stated in the affidavit are controverted, and it must be held, therefore, that from the time of the service the court acquired jurisdiction of the parties to the action.

The question then arises, Did the court err in allowing the proof of service to be amended and filed *nunc pro tunc* as of the date of the judgment? Upon this subject Mr. Freeman, in his work on Judgments (4th ed., sec. 89 *b*), states the law as follows:

"If the return upon the summons or other writ designed to give the court jurisdiction over the person of the defendant is omitted or incorrectly made, but the facts really existed which were required to give the court jurisdiction, the weight of authority at the present time permits the officer to correct or supply his return until it states the truth, though by such correction a judgment apparently void is made valid. Though the proof of the service of process does not consist of the return of an officer, the like rule prevails. Thus, if a summons has been published in the manner required by law, but the proof of publication found in the files

of the court is defective, the court may, on the fact of due publication being shown, permit an affidavit to be filed showing the facts, and when so filed it will support the judgment as if filed before its entry."

In opposition to this view and in support of his theory appellant cites *Reinhart* v. *Lugo*, 86 Cal. 395, 21 Am. St. Rep. 52, in which, on page 401, it is said:

"The default and judgment were void, not because there was no service, but because there was, at the time of entering the same, no proof of service."

This language is not in harmony with the weight of authority upon the subject, and, in our opinion, it does not state the law correctly. The case is reported in the American State Reports, volume 21, page 52, and, in a note commenting upon it, it is said:

"The court declares, in effect, that it is not the service of process which gives courts jurisdiction, but the proof of such service; that if the proof is defective it is immaterial that the service was perfect; and the proof being imperfect there is no way in which the judgment can be sustained by showing the facts regarding the service of process as they really existed when it was entered. The very reverse of this we apprehend to be the law. It is the fact of service of process which confers jurisdiction, and it is a familiar practice in California, as well as elsewhere, when the proof of such service is absent or defective, to permit it to be amended or supplied."

And again: "To support judgments entered upon insufficient proof of service of process, or without the proof of such service appearing in the record, courts have uniformly permitted such proof to be amended or supplied, not for the purpose of authorizing them to enter new judgments based upon such proof, but to show that judgments previously entered were not entered without jurisdiction, and are not, and never were, void," citing *Allison* v. *Thomas*, 72 Cal. 562, 1 Am. St. Rep. 89, and numerous other cases.

We conclude, therefore, in view of the authorities,

that the judgment in question was not void, and the court did not err in permitting the amended affidavit of service to be filed.

It is further claimed that the application to file the amended affidavit was without notice, and the order authorizing the filing was therefore erroneous.   But conceding that previous notice of the application should have been given, still we are unable to see that appellant was in any way prejudiced by the failure.   He was present in court when the motion was made, and raised no such objection then.   On the contrary, he proceeded to argue the question at length, and when it was decided against him took a general exception to the ruling. This was, in effect, a waiver of notice, and appellant cannot now be heard to complain of the action of the court on this ground.

We discover no prejudicial error in the record, and therefore advise that the judgment and order appealed from be affirmed.

SEARLS, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

GAROUTTE, J., HARRISON, J., VAN FLEET, J.