222                Ortiz et al. *v.* San Miguel         [Vol. 34, P.R.R.

Constanza Dominga Ortiz-Gregory, Enriqueta, Angela, Julia and Enrique Rossy y Gregory, and Pedro, Felipe and Angela Rossy Ortiz, Plaintiffs and Appellants, *v.* Josefa San Miguel, individually and as mother with *patria potestas* over the minors Adelaida A. and Laura Mercedes Gregory, Defendant and Appellee.

No. 3493. Argued April 2, 1925.—Decided April 30, 1925.

1. Revendication—Summons—Service—Return—Jurisdiction. — The fact that the summons was served, and not the return, is what gives the court jurisdiction.
2. Id.—Id.—Id.—Id.—Collateral Attack.—Jurisdictional defects may be attacked collaterally.

District Court of Mayaguez, Angel Acosta, J. Judgment for the defendants in an action of revendication. *Affirmed.*

*Alfredo Arnaldo* and *Harry F. Besosa* for the appellants. *Angel A. Vázquez* for the appellee.

Mr. Justice Franco Soto delivered the opinion of the court.

This is an action to recover possession of certain condominiums in various rural properties, together with mesne profits.

Another ordinary action had been brought previously by Alfredo and Jorge Antonio Osvaldo O'Neill y Rossy against the succession of Pedro María Rossy y Guerra, composed of his widow, Constanza Dominga Ortiz y Gregory, in her own right and as representative of her minor children Pedro, Felipe and Angela Rossy y Ortiz, and Angela, Lucía, Enrique, Enriqueta, Hortensia, América and Julia Rossy y Gregory. After the action had been duly tried the court rendered judgment for the sale of the properties in which condominiums are here sued for and they were sold at public auction to Ulises Gregory, the ancestor of the defendants in this action.

Some of the heirs of Pedro María Rossy y Guerra brought the present action of revendication on two grounds. The first is that the summons is void because it was not served by the marshal and the affidavit of service did not show

(*a*) that Juan Arce was over 18 years of age when he made the service; (*b*) that he had no interest in the litigation; (*c*) the date and place when and where the service of the summons was made; (*d*) delivery to any of the defendants of a copy of the complaint or of the summons; (*e*) the signing of the return by Juan Arce and the duly authorized officer before whom the affidavit was made.

There is no controversy as to the fact that the service was defective, and the defendants admit at least that the return failed to show properly the age of the person who made the service or that he had no interest in the litigation; but the appellees, undoubtedly relying on the jurisprudence established in *Buonomo* v. *Succession of Juncos,* 28 P.R.R. 380, and *López* v. *Quiñones,* 30 P.R.R. 317, introduced evidence *aliunde* to show that the requisites omitted from the return had been complied with at the time of serving the summons on the defendants (here plaintiffs), fulfilling all of the requirements of section 92 of the Code of Civil Procedure (sec. 5076, Comp. 1911).

The return on the back of the summons reads as follows:

"I, Juan Arce, more than 18 years of age and a resident of San Germán, having no interest in this litigation, declare under oath that I received this summons on May 13, 1907, and on the 14th and 15th of the same month served copies thereof at their respective domiciles on defendants Hortensia, Enriqueta, Angela and Julia Rossy y Gregory and Constanza Dominga Ortiz y Gregory, in her own behalf and as the representative of her minor children Pedro, Felipe and Angela, who live with her, and also on Enrique Rossy, who was temporarily in this city; and those of them who had no objection to signing did so. San Germán, May 15, 1907.—Juan Arce.

"Filed on April 15, 1907. Alvaro Fernández.—Clerk.—The above statement was sworn to before me by Juan Arce on this 15th day of May, 1907.—Alvaro Fernández, Clerk."

After hearing the evidence the court dismissed the complaint on the ground that notwithstanding the defects in

the return, Juan Arce complied with all of the requirements of section 92.

[1] The evidence establishes the fact that the court did not abuse its discretion in weighing it, for it showed that Juan Arce was over 18 years of age in 1907, when the service was made, because according to his baptismal certificate he was born on November 7, 1867, and as he died on January 4, 1913, in the death certificate it is stated that he died at the age of 49., There was other testimony to the effect that Juan Arce was not a relative of any of the parties and was not a party and had no interest in the suit in which he served the summons. Alvaro Fernández testified that he was born in San Germán and was fifty years old; that in 1907 he was clerk of the Municipal Court of San Germán and as such issued the summons involved in this suit; that he knew Juan Arce, who had been his schoolmate and appeared to be older than he, and that Juan Arce had no interest in the suit.

This, with other evidence examined, shows that as a matter of fact Juan Arce served the summons on the defendants with all the formalities of law. Such being the case, the fact that the summons was served and not the certificate or affidavit of return was what gave the Municipal Court of San Germán jurisdiction. *Herman* v. *Santee,* 103 Cal. 519.

[2] It follows that it is unnecessary to consider the second ground on which this action was based, inasmuch as the personal knowledge that Ulises Gregory, the ancestor of the defendants, may have had of the technical defects in the return would have no influence on the decision of this case for the reason that, assuming that the defects alleged in the complaint actually existed, as they were jurisdictional, the purchaser was subject to collateral attack by virtue of them. See the case of *González et al.* v. *Anglada et al.,* 33 P.R.R. 980, and cases cited.

For the foregoing reasons the judgment must be affirmed.