# WILLIAMSON *v.* WILLIAMSON

## No. 2742

September 27, 1929.                    280 P. 651.

*James T. Boyd,* for Appellant:

*W. L. Hacker,* for Respondent:

## OPINION

By the Court, DUCKER, C. J.:

This is an appeal from an order denying appellant's motion to set aside a default and judgment in a divorce case. Appellant was defendant in the court below. Her motion was made upon the ground that the lower court was without jurisdiction to enter a default and render judgment. These proceedings were had upon a constructive service of summons.

The order for publication contained a requirement that a copy of the summons be sent to the defendant by United States mail, postage thereon prepaid, to the town of North Hanover, Mass., her last known place of residence. The affidavit of mailing of summons recited

that: "On the 11th day of June, 1924, I deposited in the post office at Reno, Nevada, a copy of the summons attached to a certified copy of the complaint in said action, directed to Mary Williamson, the defendant, at Hanover, Mass., the last known place of her residence, and prepaid the postage thereon." The affidavit of publication, omitting the formal parts, is as follows: "Joe McDonald, being first duly sworn, deposes and says: That he is manager of the publisher of the Nevada State Journal, a daily newspaper published and printed and of general circulation in the city of Reno, county of Washoe, State of Nevada; that the summons, of which a copy is hereunto attached, was first published in said newspaper in its issue dated June 13, 1924, and was published in each of the following issues thereafter: June 20, 27, July 4, 11, 18, 25—the date of the last publication being in the issue of July 25, 1924."

Upon this proof of service of summons, as furnished by the foregoing affidavits, the court entered a default on the 21st day of March, 1925. Judgment was rendered on the same day. The motion to set aside the default and judgment was filed on January 8, 1926, and heard and denied by the court on the 2d day of February, 1926.

The affidavit for publication of summons made by the respondent, and order for publication, are not questioned; but appellant contends that there was no proper proof of service of summons when the court entered default and rendered judgment, and that the failure of proof in this regard deprived the court of jurisdiction. The particular respects in which it is claimed that the proof fails are that the order required a copy of summons to be mailed to the appellant at the town of North Hanover, Mass., while the affidavit of mailing shows that it was mailed to the appellant at Hanover, Mass., and that the affidavit of publication was made by a person not authorized by statute.

It must be admitted that the proof of service was not in compliance with the statute. Section 5032 of the Revised Laws provides in part as follows:

"3. In case of publication, the affidavit of the publisher, his foreman or principal clerk, or other employee having knowledge thereof, showing the same, and an affidavit of a deposit of a copy of the summons in the post office, if the same shall have been deposited; or

"4. The written admission of the defendant."

■ It will be observed that the "manager of the publisher" is not one of the persons specially authorized by the statute to make an affidavit of publication, and, if in this instance he can be considered an employee other than those mentioned, it does not appear from the affidavit that he had knowledge of the publication, as is required by the statute.

■ It appears, from an affidavit which the court permitted to be filed on the hearing of the motion, that the original affidavit of mailing was erroneous, in stating that the copy of the summons was addressed to the appellant at Hanover, Mass., and that a copy of the summons was actually addressed to the appellant at North Hanover, Mass., in accordance with the order of the court. Upon this showing the court permitted the original affidavit of mailing to be amended in this respect. There was no error in this. Herman v. Santee, 103 Cal. 519, 37 P. 509, 42 Am. St. Rep. 145; Hibernia Savings & Loan Society v. Matthai, 116 Cal. 424, 48 P. 370. In Herman v. Santee, supra, it was held, under a statute like ours, that from the time of service of summons the court acquired jurisdiction of the parties to the action, and not error for the court after judgment to allow an amended affidavit showing that the appellant was regularly served with a copy of the summons and complaint, to be filed nunc pro tunc as of the date of judgment.

The objection that the affidavit of publication was not made by a person authorized by the statute to make it was not made in the court below. Consequently no opportunity was given to supply the proof of publication required by the statute, if it could have been supplied.

■ On the hearing of the motion to set aside the default and judgment, there was evidence tending to

show that appellant had knowledge of the pendency of the action, and had engaged her present attorney to represent her in the action. But this evidence does not supply the proof of constructive service of the summons, or an admission of service, as required by the statute. It is true, as respondent contends, it is the service of summons that gives jurisdiction, and not the proof thereof. Section 5034, Rev. Laws Nev.; Herman v. Santee, 103 Cal. 519, 37 P. 509, 42 Am. St. Rep. 145. But it is also true that the required proof of service must be furnished before a trial court is authorized to find that it has jurisdiction over the person of the defendant. The entry of default and judgment on the defective proof was therefore error, but the judgment is not void, unless there was actually no service of summons as required by the statute.

■ We think that respondent is entitled to supply the statutory proof of publication, if it can be done, as was done as to the proof of mailing. The law in this respect is correctly stated by Mr. Freeman in his work on Judgments as follows: " * * * if a summons has been published in the manner required by law, but the proof of publication found in the files of the court is defective, the court may, on the fact of due publication being shown, permit an affidavit to be filed showing the facts, and when so filed it will support the judgment as if filed before its entry." 1 Freeman on Judgments (5th ed.), sec. 193. This statement of the law is supported by the weight of authority.

The order denying the motion to set aside the default judgment should be reversed.

It is so ordered, and a rehearing of the motion directed in accordance with this opinion.

## On Petition for Rehearing

February 4, 1930.

*Per Curiam:*

Rehearing denied.