## MARGARET ANN SMITH, Appellant, v. GEORGE THOMAS SMITH, Respondent.

No. 5093

October 26, 1966          419 P.2d 295

*Bissett, Logar & Groves,* of Reno, for Appellant.

*Vargas, Dillon, Bartlett & Dixon,* and *Albert F. Pagni,* of Reno, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

The issue on this appeal is whether the premature entry of a default divorce decree renders that decree absolutely void, or merely voidable. By an independent action, Margaret Smith attempted to set aside such decree obtained by her husband some fifteen months earlier. He moved for a summary judgment which the lower court granted. This appeal followed. We affirm.

The divorce action was commenced by George Smith on July 31, 1964. All procedural requirements for the service of process were met. Process was sent for personal service outside the state (NRCP 4(e)(2)) to Brookline, Massachusetts, the wife's home, and to Montreal, Canada, where her parents lived. According to the record, she was served with process twice; first in Brookline on August 3, 1964, and the second time in Montreal on August 14, 1964. Her default was entered, the case tried, and decree granted on August 25, 1964. The court heard the case because more than 20 days had passed since the Brookline service. It later developed that service was not in fact made upon the defendant on August 3, but that she was served in Montreal on August 14.[1] This being so, the hearing on August 25 was premature. The appellant contends that the divorce judgment is void under these circumstances and may be

---

[1] The record before the trial court contained appropriate proof of each service.

386

set aside by an independent action at any time. The respondent urges that the divorce judgment is voidable, and must be challenged by motion within six months thereafter, or not at all. The respondent is correct.

1. The court acquired jurisdiction over the defendant on August 14 when she was served with process in Montreal, Canada. Herman v. Santee, 103 Cal. 519, 37 P. 509 (1894). Its premature hearing of the case on August 25 was a procedural irregularity within jurisdiction (White v. Crow, 110 U.S. 183, 28 L.Ed. 113, 4 S.Ct. 71 (1884); California Casket Co. v. McGinn, 10 Cal.App. 5, 100 P. 1077 (1909); Dallam County Bank v. Burnside, 31 N.M. 537, 249 P. 109 (1926); Field v. Otero, 35 N.M. 68, 290 P. 1015 (1930)), rendering the judgment voidable. The Nevada decision of La Potin v. La Potin, 75 Nev. 264, 339 P.2d 123 (1959), does not touch the problem at hand since the defendant there was not served with process and the court never acquired jurisdiction. The appellant's reliance upon that case is misplaced.

2. A voidable default judgment may be set aside "for good cause shown" (NRCP 55(c)), in accordance with the provisions of NRCP 60(b) and (c).[2] The court

---

[2]NRCP 60(b) and (c) provide: "(b) Mistakes; Inadvertence; Excusable Neglect; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud, misrepresentation or other misconduct of an adverse party which would have theretofore justified a court in sustaining a collateral attack upon the judgment; (3) the judgment is void; or, (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that an injunction should have prospective application. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than six months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. The

heard the divorce case prematurely through no fault of its own. Nor was it persuaded to do so by any improper conduct on the part of the plaintiff in that action—the defendant-respondent here. The affidavit of the deputy sheriff, swearing that he had served process on the defendant at Brookline, Massachusetts, on August 3, was executed in good faith. It later developed that he had served a third person, believing that person to be the defendant—an honest mistake as to identity. In these circumstances extrinsic fraud does not exist. Richert v. Benson Lumber Co., 139 Cal.App. 671, 34 P.2d 840 (1934); 3 Witken, Cal. Procedure § 64. Indeed, the record before us does not show fraud of any kind, nor does it reflect misrepresentation or misconduct. Therefore it was incumbent upon Mrs. Smith to move to set aside the voidable decree within six months after its entry, as allowed by NRCP 60(b)(1), upon the ground of surprise. This she failed to do. Since a basis for an independent action does not exist, the summary judgment entered below is affirmed.

COLLINS, J., and ZENOFF, D. J., concur.

procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

"(c) Default Judgments: Defendant Not Personally Served. When a default judgment shall have been taken against any party who was not personally served with summons and complaint, either in the State of Nevada or in any other jurisdiction, and who has not entered his general appearance in the action, the court, after notice to the adverse party, upon motion made within six months from the date of rendition of such judgment, may vacate such judgment and allow the party or his legal representatives to answer to the merits of the original action. When, however, a party has been personally served with summons and complaint, either in the State of Nevada or in any other jurisdiction, he must make his application to be relieved from a default, a judgment, an order, or other proceeding taken against him, or for permission to file his answer, in accordance with the provisions of subdivision (b) of this rule."