AUGUSTINE R. CIPOLLA, Appellant, *v.*
MABEL CIPOLLA, Respondent.

No. 5603
January 22, 1969                    449 P.2d 258

*Richards & Demetras,* of Reno, for Appellant.

*Nelson, Santos, Bull & Hickey,* of Reno, for Respondent.

**OPINION**

By the Court, Mowbray, J.:

This is an appeal from an order denying appellant's motion to set aside a default judgment.

Mabel Cipolla sued Augustine R. Cipolla for a divorce on July 8, 1966. Augustine was served on July 11, 1966, with copies of the complaint and summons. In accordance with a restraining order which Mabel secured when she filed her complaint, Augustine moved from the family dwelling. A week later, Mabel asked him to return home. He did, and they lived together continuously until March 1, 1968. On the morning of that day, Mabel, without any notice to Augustine, left the house and went to the courthouse. There, with her attorney, she entered a default against Augustine and received an

immediate divorce. She returned to their home and handed Augustine a copy of the divorce decree, which permanently enjoined him from entering the premises where he and Mabel had lived since she had filed her complaint, a period in excess of 19 months.

Five days later, on March 6, Augustine filed a motion to set aside the default judgment [NRCP 60(b)],[1] asserting, among other grounds, *surprise*. He supported his motion with his affidavit alleging a meritorious defense existing at the time the complaint was filed. Hotel Last Frontier v. Frontier Prop., 79 Nev. 150, 380 P.2d 293 (1963). He further asserted that they had lived together continuously since Mabel had filed her complaint. Mabel did not file a counteraffidavit.

Certainly, under the record presented, the motion to set aside the default judgment should have been granted. The motion was timely filed. Augustine had every reason to be surprised, as indeed he was. Smith v. Smith, 82 Nev. 384, 419 P.2d 295 (1966). To condone the manner in which Mabel obtained her default judgment against Augustine would reduce the judicial process to a mockery.

Reversed.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.

---

[1] NRCP 60(b). "Mistakes; Inadvertence; Excusable Neglect; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud, misrepresentation or other misconduct of an adverse party which would have theretofore justified a court in sustaining a collateral attack upon the judgment; . . ."