JEANNE MARIE LOWRANCE, Appellant, v. BILLY JOE LOWRANCE, Respondent.

No. 6346

October 14, 1971                    489 P.2d 676

*Halley & Halley, Vargas, Bartlett & Dixon,* and *Steven T. Walther,* of Reno, for Appellant.

*Diehl, Recanzone & Evans,* of Fallon, for Respondent.

## OPINION

By the Court, Gunderson, J.:

The record shows that after summons and a complaint for divorce were served on the appellant wife, the respondent husband received her back into the marital home, and when asked what he intended to do about his action against her, said merely: "You will find out in time." After having marital relations with her the night of November 17, 1969, respondent obtained a default decree of divorce on November 18, awarding him all the parties' community property, and custody

of their minor children, who were 9, 7 and 3 years of age. Respondent returned home early in the morning November 19, went to bed and had marital relations with appellant, then told her when they arose: "The divorce decree is now final." He thereupon ordered her from the marital home, with her three other minor children from a prior marriage. While it appears she did not consult an attorney concerning the matter for some three months thereafter, it also clearly appears she is not a legally sophisticated person, and her uncontroverted testimony shows she was totally without any funds to employ counsel when respondent apprised her of his actions. When she ultimately sought advice, her present counsel undertook to represent her without a retainer, and brought a motion to set aside the decree on grounds of surprise and excusable neglect. The lower court denied this motion in its entirety.

Unquestionably, the record establishes meritorious grounds to set aside the decree, as stated in appellant's motion. NRCP 60(b); Cipolla v. Cipolla, 85 Nev. 43, 449 P.2d 258 (1969). While respondent's counsel have made no serious attempt to question this, they suggest relief is precluded by her delay in moving for relief, and by her remarriage while her motion was pending.[1]

Concerning the delay, to find "laches," "estoppel" or "waiver" a bar would, we think, in the circumstances of this case, "reduce the judicial process to a mockery." Cipolla v. Cipolla, 85 Nev. 43, 44, 449 P.2d 258, 259 (1969). As to her remarriage, it is apparent to us that appellant accepted no benefits from those portions of the decree that deprived her of her parental and property rights; thus, we perceive no reason why her remarriage should bar her from obtaining relief insofar as the decree operated against those rights. Cf. Lopez v. Lopez,

---

[1] At oral argument, respondent's counsel was questioned as follows:

Court: ". . . [A]t least, Mr. Diehl, by the record before us, which is to say the same record as was before the lower court, the facts would substantially be as stated by Mr. Halley, would they not?"

Respondent's Counsel: "Yes, we presented no evidence in opposition to those facts, which we could have done but did not do so because of the remarriage and these facts that came to light at this time."

Court: "Well, now, that being the case, it would appear that there was not only excusable neglect but was in fact fraud on the lower court, isn't that true?"

Respondent's Counsel: "Again, on the record, yes, I would say if we accept all the facts as true, this may be the case."

408 P.2d 744 (Cal. 1966); Siler v. Siler, 350 P.2d 510 (Okl. 1960); 2A Nelson on Divorce and Annulment, § 20.11 (2nd Ed. 1961).

The court erred in not setting aside those portions of the decree of divorce concerning the parties' property and custody rights. In these regards, the court's order denying appellant's motion is reversed.

The cause is remanded, with instructions to determine appellant's application for preliminary attorney's fees, and to decide, as matters of first impression, the distribution of the parties' property and the custody of their minor children.

ZENOFF, C. J., MOWBRAY and THOMPSON, JJ., concur.

BATJER, J.:

I respectfully dissent.

In February of 1970, for the first time since October 20, 1969, when she had been personally served with process, the appellant contacted an attorney for the purpose of ascertaining her rights to visit the children. On March 18, 1970, the appellant filed a motion to set aside and declare null and void the findings of fact, conclusions of law and judgment and decree of divorce entered by the district court, and on March 28, 1970, she married Larry Jarrett. On April 21, 1970, the trial court heard and denied her motion.

At the commencement of the hearing on the motion, the appellant, having remarried, conceded incompatibility and moved to set aside only that part of the judgment and decree of divorce awarding the care, custody and control of the minor children to the respondent. She advocated divisibility of the judgment into its marriage dissolution, custody and property segments, and cited Vanderbilt v. Vanderbilt, 354 U.S. 416 (1957), and cases that rely on that authority. The respondent contended that by reason of her remarriage the appellant was estopped in any manner to attack the judgment and decree. The trial judge refused to entertain the appellant's motion to amend and proceeded to hear the matter on the original motion.[1] A full opportunity was afforded the appellant to testify and introduce evidence to support her contention that within the relief afforded by NRCP 60(b), the default judgment and decree entered against her should be set aside upon

[1]"The Court: . . . I will hear this matter as it was originally set up, as a proceeding to set aside the default and vacate the decree as a whole. I am not going to hear it on any theory of divisibility. I will hear the whole matter or I will hear none of it."

the grounds of surprise and excusable neglect. After the hearing the trial judge merely denied the appellant's motion.[2]

From the record it is clear that the trial court had sufficient reason to deny the appellant's motion. She simply did not show either surprise or excusable neglect. Waiting some four months after service of process to consult an attorney and then only to inquire about visitation rights could have been properly viewed by the trial court as unexcusable. "A court has wide discretion in determining what neglect is excusable and what is inexcusable." Cicerchia v. Cicerchia, 77 Nev. 158, 161, 360 P.2d 839, 841 (1961).

Likewise, her claim of surprise is not so strongly supported in the record to require the trial court to set aside the judgment and decree as a matter of law. When the respondent told her that she would find out about the divorce proceedings "in time" she failed to heed the warning. The fact that the appellant and respondent slept together and had sexual intercourse on one occasion after separation and before the divorce does not support a claim of either surprise or excusable neglect. Cf. Ramsay v. Ramsay, 69 Nev. 176, 244 P.2d 381 (1952), where this court held that condonation should not be implied in law in divorce actions unless the acts of the parties clearly establish reconciliation or forgiveness, and that a single act of intercourse after separation does not establish reconciliation which would amount to condonation, unless the grounds for divorce had been adultery.

Although we favor adjudication of cases upon their merits, (see cases collected and discussed in Lentz v. Boles, 84 Nev. 197, 438 P.2d 254 (1968)), the trial judge is free to judiciously and reasonably exercise discretion in determining whether a default judgment should be set aside.

In Minton v. Roliff, 86 Nev. 478, 480, 471 P.2d 209, 210 (1970), this court said: "We have repeatedly held that a trial court's exercise of discretion in granting or denying a motion to set aside a default judgment will not be disturbed on appeal absent an abuse of discretion. E.g., Lentz v. Boles, 84 Nev. 197, 438 P.2d 254 (1968); Hotel Last Frontier Corp. v. Frontier Properties, Inc., 79 Nev. 150, 380 P.2d 293 (1963); Blakeney v. Fremont Hotel, Inc., 77 Nev. 191, 360 P.2d 1039 (1961)."

In Lentz v. Boles, supra, at 200, it was said: "We wish not to be understood, however, that this judicial tendency to grant

---

[2]"The Court: Now, I am not going to say anything about estoppel or clean hands or the pot calling the kettle black or anything else. I am just going to deny the motion."

relief from a default judgment implies that the trial court should always grant relief from a default judgment. Litigants and their counsel may not properly be allowed to disregard process or procedural rules with impunity. Lack of good faith or diligence, or lack of merit in the proposed defense, may very well warrant a denial of the motion for relief from the judgment." Here the appellant disregarded process and procedural rules and exhibited a lack of diligence. She failed to carry her burden of showing either surprise or excusable neglect. "The burden of proof on such a motion is on the moving party who must establish his position by a preponderance of the evidence." Luz v. Lopes, 358 P.2d 289, 294 (Cal. 1960).

The trial court's denial of the appellant's motion, whether applied to the entire judgment and decree or to a part of it, is amply supported in the record.

Even though a district court may be in error in its reasons given for judgment, (here there were none stated) if the judgment is correct upon any theory it is the duty of the appellate court to affirm because the latter is not required to approve the mental process of the trial court. Nelson v. Sierra Constr. Corp., 77 Nev. 334, 364 P.2d 402 (1961); Goldsworthy v. Johnson, 45 Nev. 355, 204 P. 505 (1922).

The appellant would not be without a remedy because the trial court retains continuing jurisdiction of all matters relating to the care, custody, control, education, maintenance and support of the minor children. Relief may be sought under NRS 125.140(2) and NRS 125.230.[3]

I would affirm the order of the district court.

---

[3]NRS 125.140(2): "In actions for divorce the court may, during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the custody, care, education, maintenance and support of such minor children as may seem necessary or proper, and may at any time modify or vacate the same."

NRS 125.230: "The court in such actions may make such preliminary and final orders as it may deem proper for the custody, control and support of any minor child or children of the parties."