RENE BRUNO, Appellant, *v.* DORIS
DIANNE SCHOCH, Respondent.

No. 9520

November 10, 1978                    582 P.2d 796

*Robert K. Dorsey,* Las Vegas, for Appellant.

*Orin G. Grossman,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Rene Bruno has appealed from an order of the district court denying his motion to vacate a default judgment.

1. On October 14, 1975, respondent, Doris Dianne Schoch, filed a complaint alleging that appellant had acknowledged his paternity of respondent's illegitimate daughter, born October 19, 1974, and had promised to contribute to her support. Respondent sought medical expenses and support for the daughter and a second child expected some months later, as well as costs and attorney's fees. Appellant, Bruno, was personally served with summons and complaint on October 18, 1975. Default was entered on November 17, 1975. Almost 11 months later, on October 8, 1976, respondent caused default judgment to be entered against appellant for $4,478.50 in medical expenses, $800 in attorney's fees and costs, and $250 per month child support from October 14, 1975.

Appellant filed the instant motion to vacate the judgment accompanied by an affidavit asserting that appellant had a meritorious defense. The motion was denied. Hence, this appeal.

2. Appellant contends that the judgment was void because the exclusive procedure for obtaining an award of support for an illegitimate child is delineated in NRS ch. 126, the Uniform Illegitimacy Act. As stated by the trial court, however, NRS 126.080 explicitly provides that the statutory procedures to compel support contained in NRS ch. 126 "shall not be exclusive of other proceedings that may be available on principles of law or equity."

In this case, respondent's complaint was not based upon the statutory obligation of support imposed upon parents of illegitimate children by NRS 126.030, but upon the allegation that appellant had incurred a contractual obligation of support by virtue of his explicit promise. Such a contractual obligation is a valid basis for suit, independent of any statutory remedies which may be available to the mother or the illegitimate child. See Schumm v. Berg, 231 P.2d 39 (Cal. 1951); Plunkett v. Atkins, 371 P.2d 727 (Okla. 1962); Peterson v. Eritsland, 419 P.2d 332 (Wash. 1966); 10 Am.Jur.2d Bastards §§ 70-73 (1963).

The lower court's determination that the judgment was not void for failure of respondent to comply with the procedural requirements of NRS ch. 126 was therefore correct.

3. We do find, however, that the trial court abused its discretion in denying appellant's motion to vacate default judgment on the grounds of mistake, surprise or excusable neglect. NRCP 60(b)(1). As we explained in Minton v. Roliff, 86 Nev. 478, 482, 471 P.2d 209, 211 (1970), the basic policy of this court is to favor a decision of each case upon the merits. Hotel

Last Frontier Corp. v. Frontier Properties, Inc., 79 Nev. 150, 380 P.2d 293 (1963). When neither this policy, nor any other significant policy is served by a decision refusing to vacate default judgment, such decision should be reversed. Adams v. Lawson, 84 Nev. 687, 448 P.2d 695 (1968)

Respondent did not seek a default judgment against appellant until almost 11 months after entry of default. In support of his motions to vacate judgment, and for rehearing thereon, appellant submitted uncontradicted affidavits asserting that after the entry of default, the parties had stayed together, had relations from time to time, and had contemplated marriage. It was further asserted that in June, 1976, respondent had assured appellant, in the presence of a third party, that the suit had been or would be dropped.

Appellant first learned of the judgment on November 22, 1976. His motion to vacate judgment was filed the following week. Under these circumstances, there is every reason to believe that appellant was surprised by respondent's entry of judgment.

In the past, we have not hesitated to reverse orders denying motions to vacate default judgments in similar factual settings involving the resumption of intimate relations between parties in circumstances which would reasonably lead appellants to believe that no further action would be taken. Lowrance v. Lowrance, 87 Nev. 503, 489 P.2d 676 (1971); Cipolla v. Cipolla, 85 Nev. 43, 449 P.2d 258 (1969). We find no reason to do otherwise here.

Respondent contends that, nevertheless, the decision of the trial court must be upheld, on the ground that appellant *could not* have a meritorious defense, in light of his admission of paternity. This contention ignores the posture of respondent's action. As noted above, respondent is excused from compliance with the requirements of NRS ch. 126 precisely because this is a suit in contract, rather than a statutory action for support of an illegitimate child. Consequently, appellant has available any of the ordinary defenses to a contract action, regardless of his admission of paternity. *See, e.g.,* Schumm v. Berg, *supra;* 10 Am.Jur.2d Bastards, *supra.*

Therefore, the order of the trial court is reversed, and the case is remanded for further proceedings in accordance with this opinion.