OPINION
By the Court, Rose, L:
Durango Fire Protection, Inc., appeals from a district court order denying its motion to set aside a judgment arising out of a breach of contract action filed by Fernando Troncoso. After no one had appeared on Durango’s behalf at several hearings and calendar calls, the district court granted Troncoso’s oral motion to strike Durango’s answer and entered judgment in favor of Troncoso. On appeal, Durango contends that (1) because Durango did not receive notice prior to judgment being entered in Troncoso’s favor, as as-sertedly required by NRCP 55, the judgment is void; (2) neglect of Durango’s counsel is reason for relief from judgment under NRCP *660 60(b); and (3) several procedural errors warrant relief from judgment. Because we conclude that Durango’s grounds for relief from judgment lack merit, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 1999, Fernando Troncoso filed a breach of contract action against Durango Fire Protection, Inc., and its owner, Julian Montoya. In March 2000, Durango filed its answer to the complaint.
On June 6, 2001, a discovery conference was held. According to the district court minutes, Joann Montoya, Secretary-Treasurer of Durango, was present at the discovery conference and was informed that Durango was required to file a case conference report with Troncoso’s signature before June 29, 2001, and that she needed to secure counsel for Durango to do this or Durango’s answer would be stricken. On July 20, 2001, Troncoso filed a motion to strike Durango’s answer for failure to comply with the discovery commissioner’s recommendation. However, the record shows that motion was denied.
In December 2001, Durango’s counsel at the time, J.E. Ring Smith, moved to withdraw. In early January 2002, the district court twice continued calendar calls because no representative appeared on behalf of Durango. The district court advised Troncoso’s counsel that if a representative for Durango did not appear at the next calendar call, counsel could file an appropriate motion. On January 22, 2002, calendar call was held, and no representative for Durango appeared; therefore, the district court granted Troncoso’s oral motion to strike Durango’s answer and entered judgment in favor of Troncoso.
According to the district court’s minutes,' Smith, Durango’s counsel, appeared later and was advised of the district court’s ruling striking Durango’s answer. At that time, the district court granted Smith’s motion to withdraw as counsel and instructed him to inform Durango of the ruling striking its answer and to advise Durango to obtain a new attorney if it wished to go forward.
On February 25, 2002, the district court entered an order granting Troncoso’s oral motion to strike Durango’s answer, entering judgment in favor of Troncoso, and granting Smith’s motion to withdraw as counsel. On April 25, 2002, the district court filed a judgment in favor of Troncoso in the amount of $15,000, plus $5,975.72 in attorney fees and costs.
On May 10, 2002, Durango filed-a motion to set aside the “default judgment” pursuant to NRCP 60(b). Durango argued that it was entitled to relief from judgment due to mistake, fraud, and/or misrepresentation. In an affidavit attached to the motion, Julian Montoya explained that he had no knowledge of the hearing in which Durango’s answer was stricken. Julian maintained that he and his wife Joann were in the midst of a divorce, and that Joann *661 was doing everything in her power to ruin him, including not informing him of Durango’s duties in this case. Further, Julian maintained that he had communicated with Smith about the case. According to Julian, Smith told him that he could no longer represent Durango because he had a separate attorney-client relationship with Joann, but said that he would complete certain aspects of the case and get back to him. Julian claimed that Smith never got back to him, and he was never informed that Smith had officially withdrawn. Additionally, Durango argued that it was entitled to relief based on several procedural errors preceding the entry of judgment in favor of Troncoso.
The district court found that Durango had ignored the case by failing to appear at several calendar calls and hearings. The district court stated that it was not persuaded by Durango’s argument that counsel did not inform Julian about any of the calendar calls. Accordingly, the district court denied Durango’s motion to set aside the judgment.

DISCUSSION

On appeal, Durango argues that the district court should have granted relief from judgment because: (1) the judgment is void, (2) Durango’s counsel neglected the case, and (3) several procedural errors provide grounds for relief.
[Headnotes 1, 2]
Durango argues that the district court’s failure to comply with NRCP 55(b)(2) voids the judgment, and as a result, the district court erred in not granting relief from the judgment. We note that Durango did not raise this issue below, and we generally will not address an issue raised for the first time on appeal.[1] However, we will address this issue in order to clarify that the district court had the discretion to sanction Durango by entering judgment against it without complying with the notice requirement in NRCP 55(b)(2).
NRCP 55(b)(2) states that a ‘ ‘party entitled to a judgment by default shall apply to the court therefor,” and “[i]f the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.” This court has stated: “Written notice of application for default judgment must be given if the defendant or representative has appeared in the action. The failure to serve such notice voids the judgment.’ ’[2]
*662 There is no question that Durango made an appearance, given that it filed an answer to Troncoso’s complaint and appeared at the discovery conference. Also, it appears from the record that Durango was not given written notice prior to the district court’s decision to enter judgment in Troncoso’s favor. However, we conclude that written notice was not required, as we are not convinced that the judgment entered in this case was a default judgment. Instead, we interpret the district court’s action in entering judgment in Troncoso’s favor as a sanction for Durango’s continued failure to appear at scheduled proceedings. We have stated that the district court has the discretion to sanction parties in such a manner.[3] We clarify that such a sanction does not require that notice first be given pursuant to NRCP 55.
Upon review of the record, we conclude that the district court did not abuse its discretion in entering judgment against Durango after striking its answer. Durango was on notice that it was required to appear at several calendar calls and other hearings, yet failed to appear. Although Julian argues that he did not actually receive notice of the various proceedings, notice was mailed to his address and placed in Durango’s counsel’s file at the courthouse. Because NRCP 55(b) was not implicated by the district court’s actions taken to sanction Durango, no prior notice was required and, thus, the judgment is not void.
For the same reason, we conclude that the district court did not abuse its discretion in denying Durango’s motion for relief from judgment based on attorney neglect.[4] Although the district court may relieve a party from a final judgment due to excusable neglect,[5] the district court has wide discretion in determining what neglect is excusable and what neglect is inexcusable.[6]
We note that in Staschel v. Weaver Brothers, Ltd.,[7] we held that attorney neglect amounting to misconduct is not properly imputed to the client in determining whether a default judgment should be *663 set aside. Here, however, Julian received independent notice of the calendar calls. Also, Smith specifically informed Julian that he would be withdrawing due to a conflict with Julian’s ex-wife. Finally, unlike the attorney in Staschel, there is no evidence in the record that Smith affirmatively misrepresented the status of the case to Julian. We therefore conclude that the district court did not abuse its discretion in concluding that Durango had not established grounds to set aside the judgment.
As previously stated, no evidence supports Durango’s claim that it lacked knowledge of the scheduled hearings. Notice was mailed to Julian’s address of record, and Durango’s counsel received notice in his file at the courthouse. Under NRCP 5(b) service by mail is complete upon mailing. Thus, Durango received notice of the scheduled proceedings, and its repeated failure to appear was inexcusable neglect.
Finally, Durango argues that several procedural errors justify relief from judgment. Having considered this argument, we conclude it lacks merit.

CONCLUSION

The district court did not abuse its discretion in sanctioning Durango by striking its answer and entering judgment in Troncoso’s favor. We further conclude that when a district court sanctions a party in this manner, the notice requirement of NRCP 55 is not implicated. Accordingly, we affirm the district court’s order denying Durango’s motion to set aside the judgment.
Douglas, J., concurs.

See Britz v. Consolidated Casinos Corp., 87 Nev. 441, 447, 488 P.2d 911, 915 (1971) (“A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.”).

Christy v. Carlisle, 94 Nev. 651, 654, 584 P.2d 687, 689 (1978).

See Young v. Johnny Ribeiro Building, 106 Nev. 88, 92, 787 P.2d 111, 119 (1990) (cautioning litigants and attorneys that district courts have inherent equitable powers, not specifically proscribed by statute, to dismiss an action for litigation abuses).

Kahn v. Orme, 108 Nev. 510, 513, 835 P.2d 790, 792 (1992) (recognizing that the district court is afforded broad discretion in ruling on motions for relief from judgment).

NRCP 60(b)(1).

Lowrance v. Lowrance, 87 Nev. 503, 506, 489 P.2d 676, 678 (1971).

 98 Nev. 559, 655 P.2d 518 (1982).