# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
BRIAN C. PADGETT, BAR NO. 7474.

No. 81918

FILED

MAY 21 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

*ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Brian C. Padgett be suspended from the practice of law in Nevada for five years based on violations of RPC 1.2 (scope of representation and allocation of authority between client and lawyer); RPC 1.4 (communication); RPC 1.8 (conflict of interest: current clients); RPC 1.15 (safekeeping property); RPC 3.3 (candor toward the tribunal); RPC 8.1 (disciplinary matters); and RPC 8.4(d) (misconduct).

The State Bar has the burden of showing by clear and convincing evidence that Padgett committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, after Padgett failed to answer the complaint, the State Bar entered a default and the hearing proceeded on a default basis. SCR 105(2) (providing that when an attorney fails to answer the complaint, "bar counsel shall enter a default and the charges shall be deemed admitted" and allowing a defaulted attorney to move the hearing panel chair to set aside the default if failure to answer is "attributable to mistake, inadvertence, surprise, or excusable neglect"). In his briefing in this court, Padgett argues that the panel's findings of fact, conclusions of law, and recommendation should be set aside because the disciplinary proceedings did not afford him due process. In particular, although Padgett does not dispute receiving the State Bar complaint, he asserts that after he notified Bar counsel of his

21-14665

intention not to respond to the complaint based on issues he was having with his cannabis business, he assumed the Bar stayed the disciplinary proceedings but it instead moved forward with proceedings without properly notifying him.

Having reviewed the record and considered the arguments, we perceive no due process violation and conclude that the matter properly proceeded on a default basis. Copies of the complaint, first amended complaint, and notice of intent to proceed by default were served on Padgett via regular and certified mail at his SCR 79 mailing and email addresses.[1] Additionally, the State Bar sent copies of the order appointing hearing panel chair and notice of initial case conference by mail and email to Padgett's SCR 79 addresses. The State Bar also sent Padgett the default order by mail and email and sent to him by email the scheduling order, order appointing hearing panel, and notice of amended hearing date. It also unsuccessfully attempted six times to serve Padgett personally with all of the documents, twice at his SCR 79 address; once at his former home address; and three times at his current home address. On May 22, 2020, the State Bar sent by first class mail to Padgett's SCR 79 mailing address, and by email, the notice of formal hearing, which was held on June 8, 2020. These efforts to notify Padgett of the charges against him[2] and the hearing comply with SCR 109, which incorporates due process requirements.[3] SCR

---

[1]The State Bar received receipts for the certified mailings, confirming delivery to Padgett's SCR 79 address.

[2]As noted above, Padgett does not dispute receiving the complaint.

[3]In his reply brief, Padgett asks this court to set aside the panel's findings of fact, conclusions of law, and recommendation under NRCP 60(b), on the basis that the State Bar failed to provide proper notice of the disciplinary proceedings and he lacked an opportunity to defend against the

SUPREME COURT
OF
NEVADA

(O) 1947A

109 (providing that service of a disciplinary complaint must be made by personal service "in the manner prescribed by Nevada Rule of Civil Procedure 4(c), or by registered or certified mail at the current address shown in the state bar's records or other last known address," and that other papers and notices must be served in accordance with NRCP 5); *see Dutchess Bus. Servs., Inc. v. Nev. State Bd. of Pharm.*, 124 Nev. 701, 712, 191 P.3d 1159, 1167 (2008) (observing that administrative bodies must follow their established guidelines for notifying a defending party, and due process requirements are satisfied where the party has been served with notice of the charges so the party may rebut issues on which a decision will turn); *Durango Fire Prot., Inc. v. Troncoso*, 120 Nev. 658, 663, 98 P.3d 691, 694 (2004) (rejecting a party's claimed lack of knowledge of a scheduled hearing when notice of the hearing was mailed to the party's address of record because, under NRCP 5(b), service is complete upon mailing).

With the default properly entered under SCR 105(2), the record therefore establishes that Padgett violated the above-referenced rules by (1) having his client's judgment (plus interest) of $151,599.83, which had been

---

charges. This court is not the appropriate forum in which to raise this claim, as NRCP 60(b) provides parties with a mechanism to seek relief from a decision in the court, or in this case, disciplinary board panel, that issued the decision based upon a reason justifying relief. NRCP 60(b) (stating that on a motion and just cause, the court may relieve a party from the court's order or proceedings); *see* SCR 105(2) (allowing a defaulted attorney to move the hearing panel chair to set aside the default if failure to answer is "attributable to mistake, inadvertence, surprise, or excusable neglect"); SCR 119(3) (stating that the Nevada Rules of Civil Procedure generally apply in disciplinary cases); *see also Yochum v. Davis*, 98 Nev. 484, 653 P.2d 1215 (1982) (observing that the decision to grant or deny NRCP 60(b) relief is fact-based), *overruled on other grounds by Willard v. Berry-Hinkley Indus.*, 136 Nev., Adv. Op 53, 469 P.3d 176 (2020); *Zugel v. Miller*, 99 Nev. 100, 659 P.2d 296 (1983) (recognizing that appellate courts are not suited to address disputes that raise factual issues).

deposited with the district court pending appeal, released to Padgett's firm by filing an ex parte motion without the client and appellate counsel's knowledge or authorization and attempting to have an additional $13,845.45 of the client's funds on deposit with the court released to his firm by submitting a proposed order directly to the court without notifying the client or any other parties; (2) agreeing to represent a client in a suit in which the plaintiff claimed that the client violated a no-compete agreement, even though the client allegedly breached the agreement by forming a new security company and accepting employment with Padgett's cannabis business, advising the client to agree to joint and several liability for breaching the agreement, offering to pay any judgment against the client, and filing an appeal after judgment was entered but then withdrawing his representation leading to the appeal's dismissal and an unpaid $130,000 judgment against the client; and (3) failing to meaningfully respond to the State Bar's inquiries about the two grievances and misrepresenting a material fact to the State Bar.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Padgett violated duties owed to his clients (safekeeping client funds, communication, allocation of authority, conflict of interest), the profession (candor, failure to respond to lawful requests for information by a disciplinary authority), and the public (misconduct). The record supports the panel's finding that Padgett's mental state was intentional as to the

RPC 1.2 violation and knowing as to the remaining violations. His misconduct harmed his clients and the legal profession.

The baseline sanction for Padgett's misconduct, before considering aggravating and mitigating circumstances, is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2017) providing that suspension is appropriate when "a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client"); Standard 7.2 ("Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system."). The panel found and the record supports seven aggravating circumstances (dishonest or selfish motive, pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceedings by intentionally failing to comply with rules or orders, refusal to acknowledge wrongful nature of conduct, substantial experience in the practice of law, and indifference to making restitution), and one mitigating circumstance (absence of a prior disciplinary record).

Considering all the factors, including the balance of aggravating and mitigating circumstances and the scope of Padgett's misconduct, we agree with the panel's recommendation for a five-year suspension. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney). Accordingly, we hereby suspend attorney Brian Padgett from the practice of law in Nevada for five years commencing from the date of this order.

Further, Padgett shall pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order.[4]

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

cc:   Chair, Southern Nevada Disciplinary Board
      Law Offices of Brian C. Padgett
      Bar Counsel, State Bar of Nevada
      Executive Director, State Bar of Nevada
      Admissions Office, U.S. Supreme Court

---

[4]In reaching this disposition, we considered Padgett's other arguments, including that the State Bar failed to disclose a conflict of interest with a panel member, that it failed to update Padgett's mailing address, and that it violated Padgett's due process rights by holding one hearing for two separate grievances. We conclude that Padgett either waived these arguments by failing to raise them to the hearing panel in a post-decision motion or they otherwise are unsupported and lack merit.