[No. 2023]
## MELCHOIR WHISE, APPELLANT, *v.* ESTHER WHISE, RESPONDENT.

1. JUDGMENT—SETTING ASIDE—LIBERAL CONSTRUCTION OF STATUTE.
   Comp. Laws, 3163, permitting the court, in furtherance of justice, upon just terms, to relieve a party from a judgment, order, or other proceeding taken against him through mistake, inadvertence, surprise, or excusable neglect, should be very liberally construed in furtherance of its purpose.

2. DIVORCE—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.
   The fact that plaintiff moved from the state after rendition of a judgment of divorce in his favor could not be considered as newly discovered evidence affecting the material issues in an action for divorce for cruelty.

3. DOMICILE—RESIDENCE—INTENTION.
   Residence is a matter of intention.

4. NEW TRIAL — NEWLY DISCOVERED EVIDENCE — IMPEACHMENT OF WITNESSES.
   Newly discovered evidence, which could only be used by way of impeachment, is not ground for granting a new trial, unless evidence of the witness sought to be impeached was so important, and the impeaching evidence so convincing, that a different result would necessarily follow the admission of the impeaching evidence.

5. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—MATERIALITY.
   The alleged newly discovered evidence must be material or important to the party seeking a new trial.

6. NEW TRIAL—NEWLY DISCOVERED EVIDENCE.
   Newly discovered evidence on a matter collateral to the issues is seldom ground for a new trial.

7. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—WEIGHT.
   In order to compel the granting of a new trial, the newly discovered evidence must be so strong as to make it probable that a different result would be obtained in another trial; it not being sufficient merely that it "might" change the result.

8. NEW TRIAL—NOTICE OF MOTION FOR—AMENDMENT.
   Upon a proper showing, *held*, that the court might have permitted an amendment to the notice of motion for a new trial.

APPEAL from the Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Action by Melchoir Whise against Esther Whise. From an order granting defendant permission to amend her notice of motion for a new trial, plaintiff appeals. **Reversed.**

The facts sufficiently appear in the opinion.

*Huskey & Springer*, for Appellant:

A notice of intention to move for a new trial cannot be amended after time for filing by adding any new ground or any ground not germane to the grounds contained in the original, except in those states where a statutory exception is made of the ground of newly discovered evidence. (*Packer* v. *Doray*, 98 Cal. 315, 33 Pac. 118; *Sullivan* v. *City of Helena*, 10 Mont. 134, 25 Pac. 94; *Fuselman* v. *Wabash R. Co.*, 139 Mo. App. 198, 122 S. W. 1137; *Brinton* v. *Thomas*, 138 Mo. App. 64, 119 S. W. 1016; *Mt. Vernon Bank* v. *Porter*, 148 Mo. 176, 49 S. W. 982; *Merriclies* v. *Wabash R. Co.*, 163 Mo. 470, 63 S. W. 78; *Hesse* v. *Seyp*, 88 Mo. App. 66; *Saxton Nat. Bank* v. *Bennett*, 188 Mo. 494, 40 S. W. 97; *Rice* v. *Folsom*, 122 Pac. 236; *Blue Creek L. & L. Stock Co.* v. *Anderson*, 99 Pac. 444; *In re McDonnell*, 83 N. E. 675; *Cincinnati N. O. & T. P. R. Co.* v. *Barr*, 6 Ky. Law Rep. 450; *Dutton* v. *Seevers*, 89 Iowa, 302, 56 N. W. 398; *Perry* v. *Eaves*, 4 Kan. App. 26, 45 Pac. 718.)

*Sherman* v. *Southern Pacific Company*, 31 Nev. 285, is authority only for the proposition that the court has power upon proper application to relieve a party from his default in failing to file his notice of motion within the time fixed by law. It does not follow, as urged by respondent, that the exercise of such a power necessarily involves the power to permit an amendment by adding a new ground not germane to the original after the time for filing has expired.

The authorities cited by respondent fall into three classes: First, those which are not in point upon the proposition involved in this case. Second, those which are in point, but which support the contention of appellant, and not the contention of respondent. Third, those which apparently support respondent's contention, but which were based upon statutes different from the Nevada statute.

*Mack, Green, Brown & Heer*, for Respondent:

There is no decision by the supreme court of this state which passes upon the precise point. In *Sherman* v.

*Southern Pacific Company*, 31 Nev. 285, this court held that under the provisions of section 3163 of the Compiled Laws of Nevada, which is reenacted in section 5084 of the Revised Laws, a party upon proper showing may be relieved of his default in failing to move for a new trial within the time allowed by law and permitted to file a notice of intention to move for a new trial and a statement on motion for a new trial after the time limited by statute. We contend that this case not only shows the policy of the laws of this state, but is in point upon the proposition of respondent's right to amend her notice of intention to move for a new trial setting forth the ground of newly discovered evidence.

We think the greater number of cases and better reasoned decisions can be found to support this contention than can be found to support the contention of appellant that the authority does not exist in the court to permit an amendment to the notice of intention to move for a new trial after the time limited for its filing, especially in view of the new practice that the notice of intention must be served and filed within ten days after notice of decision. It is highly important that amendment upon the ground of newly discovered evidence should be permitted, unless that ground for a new trial is to be rendered unavailable in a great number of cases. The following authorities support the position of the respondent: *Sherman* v. *S. P. Co.*, 31 Nev. 285; *Clark* v. *Rauer,* 2 Cal. App. 259, 83 Pac. 291; *Snelling* v. *Darrell,* 17 Ga. 141; *Moore* v. *Ulm*, 34 Ga. 565; *Girardey* v. *Bessmen,* 62 Ga. 654; *Lunsford* v. *Sutton,* 3 Ga. App. 94, 59 S. E. 334; *Mann* v. *Tallapoosa R. Co.*, 99 Ga. 117, 24 S. E. 871; *Robt. Portner Brewing Co.* v. *Cooper,* 116 Ga. 171, 42 S. E. 408; *McLeod* v. *Morris,* 120 Ga. 766, 48 S. E. 188; *Tifton T. & G. Ry. Co.* v. *Chastain,* 122 Ga. 250, 50 S. E. 105; *S. Ry. Co.* v. *Hixon,* 68 S. E. (Ga.) 1100; *Soudan* v. *Craig,* 20 Iowa, 477; *Spear* v. *Towne,* 66 Iowa, 721, 24 N. W. 504; *State* v. *Anderson,* 80 N.W. (Iowa) 430; *Hawk* v. *Mulhall,* 133 Iowa, 695, 110 N.W. 1026; *City of Lincoln* v. *Beckman,* 23 Neb. 677, 37 N.W. 593; *Houston* v. *Kidwell,* 83 Ky. 301, 7 Ky. L. R. 266; *Million* v. *Million's Executors,* 34 Ky.

L. R. 115, 104 S. W. 768; *Seagrave* v. *Hall*, 30 Ohio Cir. Ct. R. 403; *Jung* v. *Hamm Brewing Co.*, 95 Minn. 367, 104 N. W. 233; *Gullion* v. *Traver*, 46 Neb. 51, 89 N. W. 404; *Bunker* v. *Taylor*, 10 S. D. 526, 74 N. W. 450; *Day* v. *Goodman*, 17 S. W. (Tex.) 475; *Kreilsheimer* v. *Nelson*, 31 Wash. 406, 72 Pac. 72; *Prebble* v. *Bates*, 37 Fed. 772; *Furlong* v. *Reid*, 12 Ont. Pr. 201; *Vary* v. *Muirhead*, 2 U. C. Q. B. O. S. 121; *Inch* v. *Flewelling*, 29 N. Brunsw. 570; 29 Cyc. 958; *Holmes* v. *Commission Co.*, 81 Mo. App. 97; *Thompson* v. *Thompson*, 109 Mo. 462, 84 S. W. 1022.

By the Court, MCCARRAN, J.:

In this case Melchoir Whise instituted an action for divorce against Esther Whise in the district court of the Second judicial district. The case was tried by the court on the 8th day of June, 1911, judgment was rendered in favor of the plaintiff, appellant herein, and on June 20, 1911, a decree of divorce was granted to the plaintiff on the ground of extreme cruelty.

By order of the court, as appears from the statement on appeal, the time in which for defendant to file her notice of intention to move for a new trial was extended, and on August 5, 1911, within the time allowed by the court, the defendant, through her attorneys, filed her first and original notice of intention to move for a new trial.

The notice, as filed August 5, is set out in full in the statement on appeal, and is based upon three separate grounds, to wit: First, insufficiency of the evidence to justify the decision of the court;  *  *  *  second, that said decision is against the law; and, third, errors of law occurring at the trial and excepted to by the defendant.

The matter seems to have rested in abeyance until the 13th day of December, 1911, on which date, and after the expiration of the time allowed by the court for filing the notice of intention, defendant filed notice of motion for an order permitting her to amend the former notice by adding a new ground thereto, to wit: "Fourth, newly discovered evidence material for the defendant, which she could not with reasonable diligence have discovered and produced at the trial."

The hearing of the motion for permission to amend was had and determined on the 1st day of April, 1912. At the conclusion of the hearing the court made the order granting defendant permission to amend her original notice of intention by adding the fourth ground, *i. e.*, newly discovered evidence. The plaintiff, having resisted the motion to amend in the court below, and having entered his exception, comes here on appeal from the order granting defendant the right to amend.

The time in which defendant, respondent herein, should have filed her notice of intention to move for a new trial had unquestionably expired, but having previously filed her original notice of intention within the time allowed, the question is: Was it abuse of discretion, in view of the showing made, to permit her to file, as an amendment, a fourth ground, namely, newly discovered evidence.

**1.** Section 3163 of the code, in the light of which this case must be considered (Cutting's Compiled Laws), sets forth: "The court may, in furtherance of justice, * * * upon such terms as may be just, and upon payment of costs, relieve a party or his legal representatives from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect." This is in the nature of a remedial statute; its object was to relieve litigants who through some inadvertence, such as is common to mankind, might be deprived of a hearing upon the merits through their unintentional failure to bring themselves within a rule. Statutes such as this were intended to relieve the harshness of rigid form by applying the flexibility of discretion. The various text-writers and many of the recent decisions dwelling on the subject of remedial statutes have expressed themselves as favoring very liberal construction on the application of such statutes. (Lewis' Sutherland, Statutory Construction, sec. 717; Black's Interpretation of Law, p. 311.)

This court, in the case of *Sherman* v. *Southern Pacific*, 31 Nev. 290, speaking through Mr. Justice Sweeney, said: "It seems clear to us that the legislature of Nevada, in passing this remedial statute, had in mind the necessity

of having a provision wherein, in proper cases, upon a proper showing of excusable neglect, surprise, mistake, or inadvertence, in the interests of justice, and that a full ·determination of litigants' rights should be received, trial courts should, in proper cases, be permitted to grant relief by giving· a further extension of time to counsel thus aggrieved, if properly applied for."

In considering decisions of the various courts on subjects bordering upon the one under consideration, we find none that have gone so far as has this court in the case of *Sherman* v. *Southern Pacific, supra.* The advanced and liberal policy of the court, as expressed in that case, is supported in other well-considered decisions, and gives the true expression to the fact that the first place to secure judicial reform is from the bench itself. In fact, we believe it is and should be the trend of modern law that in matters of procedure and pleading, where the interests of justice demand, the court should have full power to disregard technicalities minutely pre-. scribed by statute, and should be invested with authority throughout all of a proceeding to ignore any excusable neglect or inadvertence or defect, where such may arise or exist without affecting the material rights of the parties. This power, however, should only be exercised where the showing clearly justifies, and· it is that question, as applicable to the case at bar, that we will now consider.

In the Sherman case, *supra,* the affidavit of the attorney for the moving party sets forth such things as would most properly entitle the court to grant the relief prayed for. There were the uncontradicted facts of pressing and urgent business and the serious illness of the wife of the attorney for the moving party. Together with that there was manifest diligence displayed on the part of the attorney by proper motion in the district court. This, together with the showing made, indicated clearly inadvertence and excusable neglect; but in the case under consideration there is no showing that would indicate either surprise, inadvertence, or excusable neglect, and, what is more, the record indicates a lack of diligence

in pressing the original motion to a hearing. The notice of motion to amend reads as follows:

"Melchoir Whise and Messrs. Huskey & Springer, His Attorneys: You will please take notice that on Saturday, the 3d day of December, 1911, at the hour of 10 o'clock a. m. of said day, or as soon thereafter as counsel can be heard, defendant will move the court for an order permitting defendant to amend her notice of motion of intention to move for a new trial, filed and served herein on the 5th day of August, 1911, by inserting in said notice the following fourth and additional ground upon which said motion will be made, to wit: 'Newly discovered evidence material for the defendant, which she could not with reasonable diligence have discovered and produced at the trial.'

"Said motion will be made upon the ground that, since the said notice of intention to move for a new trial was filed and served herein, the plaintiff, Melchoir Whise, has left the State of Nevada and returned to the city of Chicago, in the State of Illinois, and has there resumed his residence and the practice of his profession, and that the said city of Chicago is now the permanent residence of the said plaintiff, and that at the trial of the above-entitled action said plaintiff testified that he had taken up his permanent residence at the city of Reno and intended to remain in said city of Reno, State of Nevada, in the permanent practice of his profession here, and that the fact that shortly after the judgment in this case was rendered the said plaintiff returned to the city of Chicago, which had been his home within six months and two days prior to the commencement of this action, shows that he did not take up his residence in the city of Reno, State of Nevada, in good faith, for the purpose of becoming a permanent resident, and that his testimony in that behalf was false, and that the fact of the plaintiff's return and resumption of his residence and the permanent practice of his profession in the city of Chicago, State of Illinois, could not be known to defendant at the time of the filing and service of intention to move for a new trial, and that the failure to include among the grounds of such motion the

newly discovered evidence herein referred to constitutes excusable neglect on the part of the defendant.  *  *  *"

The affidavit of George S. Brown, one of the attorneys for the moving party, filed in support of the motion, sets forth the substance of plaintiff's testimony at the trial, relative to his residence and his intention of residence, and further sets forth, in substance, that the testimony of Whise given at the trial, relative to his intention of making Reno his permanent residence, was false, and that his having moved from the state and taken up the practice of his profession in the city of Chicago is indicative of its falseness.

**2, 3.** In her motion to amend it will be observed that the respondent used the following words: "The fact that shortly after the judgment in this case was rendered the plaintiff returned to the city of Chicago, which had been his home within six months and two days prior to the commencement of this action, shows that the plaintiff did not take up his residence in the city of Reno, State of Nevada, in good faith, for the purpose of becoming a permanent resident, and that his testimony in that behalf was false." The fact, if it be a fact, that Whise moved from the State of Nevada after the rendition of a judgment and the filing of the decree, could not, we think, be considered as newly discovered evidence that would affect the material issues of the case. Residence is a matter of intention, and has been generally so held. Both parties to this action had submitted themselves to the jurisdiction of the trial court, in which court there had been a trial and determination of all of the issues, and at the conclusion of the controversy either party had the right to go wherever he or she saw fit. Moreover, the act or acts of appellant in moving to another state after the termination of the litigation could, at best, be only considered as impeachment of his testimony given at the trial of the case, and then an impeachment by inference only. In fact, as shown from the motion itself, the defendant seeks only to use such evidence for the purpose of impeaching the testimony of the plaintiff, Whise, at the trial.

**4.** By a strong line of authorities it has been held that, where newly discovered evidence could serve only the purpose of impeachment, it will not constitute grounds that will warrant the court in granting a new trial. If, from the nature of the evidence that the moving party seeks to rely upon as disclosed by their motion and affidavits, it is apparent no purpose can be served other than the impeachment of the testimony of an adversary, or a witness of the adverse party, a new trial should not be granted, unless the testimony of the witness sought to be impeached was so important to the issue, and the evidence impeaching the witness so strong and convincing, that a different result must necessarily follow. It follows that an amendment, by inserting the new ground of newly discovered evidence, offered after the time had expired, should not be permitted, where the evidence that might be offered by reason of the amendment could not warrant the court in granting a new trial.

**5-7.** Newly discovered evidence, to have any weight in the consideration of a trial court, must be material or important to the moving party. Evidence on a matter collateral to the issue is seldom grounds for a new trial, and it is not sufficient that the new evidence, had it been offered in the trial, might have changed the judgment. It must be sufficiently strong to make it probable that a different result would be obtained in another trial. The new evidence must be of a decisive and conclusive character, or at least such as to render a different result reasonably certain.

The evidence sought to be relied upon in this instance, the nature of which was set forth in the motion and the affidavits, was clearly for the purpose of impeachment only. It was not such as should or would render a different result probable on a retrial of the case. Hence there would be no material rights lost to the moving party by denying the motion to amend, in that the evidence to be introduced by reason of the amendment could avail the moving party nothing, and the proposed amendment would serve no purpose. On the other hand,

the granting of the motion might work great annoyance to the adverse party, and would be sure to result in delay and involved litigation.

8. Had the motion to amend been made within a reasonable time and been supported by a showing clearly indicating inadvertence, surprise, or excusable neglect, and had there been a manifestation of due diligence of the moving parties, and had the nature of the evidence sought to be relied upon been such as would warrant the court in entertaining it in furtherance of their motion for a new trial, the court might, in the light of the decision of this court in the Sherman case, *supra,* have permitted the amendment. But in this case, as indicated by the motion and by the several affidavits in support thereof, all of these essential elements were lacking, and we think that it was an abuse of discretion on the part of the trial court to permit the amendment after the time had expired, in view of the showing made.

The order appealed from is reversed.