## MORRIL W. DAVIS, APPELLANT, *v.* NAN K. DAVIS, RESPONDENT.

No. 3565

June 17, 1949.                    207 P.2d 240.

*Jones, Wiener & Jones,* of Las Vegas, for Appellant.

*Lewis, Hawkins & Cannon,* of Las Vegas, for Respondent.

## OPINION

By the Court, EATHER, J.:

On February 26, 1948, respondent filed in the Eighth judicial district court in and for the county of Clark, an

action against appellant seeking a divorce and disposition of community property.

Process was served upon appellant at Las Vegas, Nevada, on March 3, 1948, and on March 15, 1948 his default was entered for failure to appear, answer or otherwise plead to the complaint.

Judgment was rendered on June 25, 1948, granting a divorce to respondent and disposing of community property.

Appellant, on June 24, 1948, filed in said cause a motion to set aside his default upon ground of excusable neglect. This motion was heard and denied by the court on June 24, 1948.

On September 9, 1948 appellant filed his notice of appeal in said action. The notice of appeal purports to bring to this court for review an "order made and entered in the above entitled action on June 24, 1948 * * * denying defendant's motion to set aside default entered against defendant."

We have for determination a motion to dismiss the appeal tendered by respondent, based upon the ground of absence of statutory authority conferring jurisdiction on this court to review an appeal from an order denying motion to set aside default.

The motion to dismiss must be granted. Section 9385.60, N.C.L.1929, designates the judgments and orders from which an appeal may be taken. There exists no statutory authority conferring the right to appeal from an order refusing to set aside a default, and such is the order presented by this appeal. Johns-Manville, Inc., v. Lander County, 48 Nev. 244, 229 P. 387, 234 P. 518; Perry v. Edmonds, 59 Nev. 60, 84 P.2d 711.

Appeal dismissed.

HORSEY, C. J., and BADT, J. concur.