FOTINI KOKKOS, APPELLANT, v. STEPHEN
TSALIKIS, RESPONDENT.

No. 7548

January 20, 1975                    530 P.2d 756

*Ohrenschall & Ohrenschall,* of Las Vegas, for Appellant.

*Robert G. Legakes,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

On June 18, 1973, a complaint was filed by Fotini Kokkos against Stephen Tsalikis, and on August 7, 1973, a default was entered against Stephen Tsalikis. Tsalikis on August 15, 1973, filed a motion to set aside default and on August 20, 1973, an

order setting aside the default was entered. After a petition for review was granted and order setting aside entry of default again entered on October 12, 1973, Kokkos appealed the order setting aside entry of default.

An order setting aside entry of default is not an appealable order under NRAP 3A(b).[1] NRAP 3A(b) designates the judgments and orders from which an appeal may be taken and where no statutory authority to appeal is granted, no right exists. State v. Langan, 29 Nev. 459 (1907); Davis v. Davis, 66 Nev. 164, 207 P.2d 240 (1949).

Dismissed.

[1]NRAP 3A(b) states, "Appealable Determinations. An appeal may be taken:

(1) From a final judgment in an action or proceeding commenced in the court in which the judgment is rendered.

(2) From an order granting or refusing a new trial, or granting or refusing to grant or dissolving or refusing to dissolve an injunction, or appointing or refusing to appoint a receiver, or vacating or refusing to vacate an order appointing a receiver, or dissolving or refusing to dissolve an attachment, or changing or refusing to change the place of trial, and from any special order made after final judgment.

(3) From an interlocutory judgment, order or decree made or entered in actions to redeem real or personal property from a mortgage thereof or lien thereon, determining such right to redeem and directing an accounting, and from an interlocutory judgment in actions for partition which determines the rights and interests of the respective parties and directs partition, sale or division to be made.

(4) If an order granting or refusing to grant a motion to change the place of trial of an action or proceeding is not directly appealed from within thirty (30) days, there shall be no appeal therefrom on appeal from the judgment in the action or proceeding or otherwise, and on demand or motion of either party to an action or proceeding the court or judge making the order changing or refusing to change the place of trial of an action or proceeding shall make an order staying the trial of the action or proceeding until the time to appeal from such order, changing or refusing to change the place of trial, shall have lapsed; or if an appeal from such order is taken, until such appeal shall in the appellate court, or in some other manner, be legally determined.

(5) No appeal may be taken from an order of a district court denying a motion for summary judgment; however such an order may be reviewed by the Supreme Court in an original proceeding in mandamus when from the record it appears that it is the duty of the district court to enter summary judgment."