KAREN LINDBLOM, Appellant, *v.* PRIME HOSPITALITY CORP., dba WELLESLEY INN AND SUITES, Respondent.

No. 39893

June 10, 2004                                        90 P.3d 1283

---

[66]*See Hall v. State,* 91 Nev. 314, 535 P.2d 797 (1975).

*Vannah Costello Canepa Riedy Rubino & Lattie* and *Matthew R. Vannah,* Las Vegas, for Appellant.

*Bennion Cardone & Clayson* and *David R. Clayson* and *David O. Creasy,* Las Vegas, for Respondent.

Before ROSE, MAUPIN and DOUGLAS, JJ.

## OPINION

By the Court, MAUPIN, J.:

In this appeal, we consider whether a defendant's participation in pre-suit negotiations may constitute an appearance and entitle the defendant to notice of default proceedings under NRCP 55(b)(2).

### *FACTS AND PROCEDURAL HISTORY*

Appellant Karen Lindblom was injured at the Wellesley Inn and Suites Hotel in Las Vegas, Nevada, on June 30, 2000. Respondent Prime Hospitality Corporation, d/b/a Wellesley Inn and Suites, owns the hotel facility. During the year following the accident, Lindblom and Prime Hospitality's liability insurer undertook extensive discussions and negotiations concerning her claim for negligence and damages. Several settlement offers and demands were exchanged and refused. Lindblom filed suit against Prime Hospitality on July 25, 2001, and effected service on July 27, 2001. Although Prime Hospitality timely forwarded the summons and complaint to its insurer, the insurer either did not receive the documents or, through some oversight, did not act upon them. Lindblom entered default on August 28, 2001, and obtained a default judgment without notice to either Prime Hospitality or its insurer on September 10, 2001. There was no interaction of record between Lindblom and Prime Hospitality or its insurer between commencement of the action and entry of the default judgment, and no further contact between the parties occurred until Lindblom initiated collection proceedings in April 2002.

Upon receiving notice of the execution, Prime Hospitality, through its insurers, immediately moved to set aside the default judgment as void under NRCP 60(b)(3) and NRCP 55(b)(2) for failure to provide three days' notice of the hearing on the application for entry of a default judgment. Although the district court declined to afford relief based upon lack of notice, it granted the motion to set aside under NRCP 60(b)(1), citing excusable neglect. Lindblom filed this timely appeal.[1]

---

[1]*See* NRAP 3A(b)(2). Prime Hospitality, citing *Kokkos v. Tsalikis,* 91 Nev. 24, 530 P.2d 756 (1975), argues that the order setting aside default judgment is not an appealable order. We disagree. *Kokkos* held that an order setting aside *entry of default* was not appealable under NRAP 3A. However, under NRAP 3A(b)(2) an order setting aside a default judgment is appealable as a special order after judgment if the motion to set aside is made more than sixty days after entry of the judgment. The motion in this case was filed more than six months after entry of the default judgment.

## DISCUSSION

NRCP 60(b) provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) *mistake, inadvertence, surprise, or excusable neglect*; (2) fraud . . . [or] (3) *the judgment is void* . . . . The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than six months after the judgment, order, or proceeding was entered or taken.

(Emphasis added.)

A trial court's exercise of discretion in granting or denying a motion to set aside a default judgment on the grounds of mistake, inadvertence, surprise or excusable neglect will not be disturbed upon appeal absent an abuse of discretion.[2] A party must make an application for relief under NRCP 60(b)(1) within six months after entry of the judgment. As noted above, the six-month limitation period does not apply to applications under NRCP 60(b)(3).

In this instance, although Prime Hospitality sought relief under NRCP 60(b)(3) on the ground that the judgment was void for lack of notice under NRCP 55(b)(2), the district court set aside the judgment citing excusable neglect under NRCP 60(b)(1). We conclude that the district court improperly granted NRCP 60(b)(1) relief without considering the voidness argument because Prime Hospitality filed its motion to set aside more than six months after entry of the default judgment. This, however, does not end the matter because Prime Hospitality sought relief from the judgment under NRCP 60(b)(3), on voidness grounds, within a reasonable time after entry of the judgment.

Under NRCP 55(b)(2), a defendant that has appeared in an action is entitled to "written notice of the application for judgment at least 3 days prior to the hearing on such application." Under our decision in *Christy v. Carlisle*,[3] a judgment entered without notice when required under NRCP 55(b)(2) is void and subject to a motion to set aside. Such motions are made under NRCP 60(b)(3).

Prime Hospitality also argues that Lindblom waived this appeal by failing to seek a stay and participating in considerable litigation activity below in preparation for trial. We reject this contention as being without merit.

[2]*Hotel Last Frontier v. Frontier Prop.*, 79 Nev. 150, 153, 380 P.2d 293, 294 (1963).

[3]94 Nev. 651, 654, 584 P.2d 687, 689 (1978).

Default judgments are only available as a matter of public policy when an essentially unresponsive party halts the adversarial process.[4] In *Christy,* we held that settlement negotiations and exchanges of correspondence between plaintiff's counsel and defendant's insurance representative after suit was filed constituted an appearance implicating the three-day notice requirement of NRCP 55(b)(2).[5]

Here, however, no interaction of any kind took place between Lindblom and Prime Hospitality's insurer after commencement of the lawsuit. Lindblom, therefore, argues that the judgment is not void because an appearance cannot be made before an action is filed and Prime Hospitality made no appearance for more than six months after the complaint was filed. We disagree and conclude that the policy considerations underlying NRCP 55(b)(2)'s three-day notice requirement are furthered by equating pre-suit negotiations with an appearance under the rule.[6] Accordingly, we extend our holding in *Christy* to require three days' written notice of hearings on applications for default judgments under NRCP 55(b)(2) when pre-suit interactions evince a clear intent to appear and defend. This conclusion is consistent with case authority from other jurisdictions on this issue.[7]

Given the short time period between the deadline for Prime Hospitality's appearance and the entry of the default judgment, the extensive settlement interactions between Lindblom and Prime Hospitality before initiation of formal legal proceedings, Prime Hospitality's referral of the summons to its insurer for defense, and Prime Hospitality's promptness in seeking relief after receiving notice that collection proceedings had been commenced, we cannot conclude that either Prime Hospitality or its insurer made any attempt to abandon or ignore the proceedings. We, therefore, hold that Prime Hospitality's participation in pre-suit negotiations constitutes an appearance entitling it to notice under NRCP 55(b)(2).

---

[4]*Id.*

[5]*Id.*

[6]*Id.*

[7]*See, e.g., Meier v. McCord,* 632 N.W.2d 477, 483 (S.D. 2001) (informal contacts and settlement negotiations between the parties prior to filing of the complaint constitute an appearance); *Roso v. Henning,* 566 N.W.2d 136, 140-41 (S.D. 1997) (settlement negotiations between plaintiff and defendants' insurer prior to service of complaint constituted an "appearance"); *Colacurcio v. Burger,* 41 P.3d 506, 509 (Wash. Ct. App. 2002) (informal acts through the actions of an agent, prior to filing, may constitute an appearance); *Batterman v. Red Lion Hotels, Inc.,* 21 P.3d 1174, 1178-79 (Wash. Ct. App. 2001) (the acts of an agent in attempting to negotiate a settlement constitute an informal appearance).

## CONCLUSION

The pre-suit interactions between Lindblom and Prime Hospitality's insurer constitute an appearance under NRCP 55(b)(2). Accordingly, Lindblom's failure to provide Prime Hospitality with three days' written notice of the hearing on the application for default judgment rendered the judgment void. We, therefore, affirm the district court even though the relief afforded was improvidently based.[8]

ROSE and DOUGLAS, JJ., concur.

---

[8]*See Rosenstein v. Steele,* 103 Nev. 571, 575, 747 P.2d 230, 233 (1987) (holding that "this court will affirm the order of the district court if it reached the correct result, albeit for different reasons").