An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ESTATE OF MICHAEL DAVID ADAMS, BY AND THROUGH HIS MOTHER JUDITH ADAMS, INDIVIDUALLY AND ON BEHALF OF THE ESTATE,
Petitioner,
vs.
THE FIFTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF NYE; AND THE HONORABLE ROBERT W. LANE, DISTRICT JUDGE,
Respondents,
and
SUSAN FALLINI,
Real Party in Interest.

No. 66521

FILED

JAN 15 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

*ORDER DENYING PETITION FOR EXTRAORDINARY WRIT RELIEF*

This original petition for extraordinary writ relief challenges a district court order granting real party in interest's NRCP 60(b) motion for relief from the judgment on fraud grounds. After this court entered an order directing petitioner to show cause why this writ petition should not be summarily denied, given that it appears to challenge a substantively appealable order, petitioner responded by arguing that a writ petition is a proper method to challenge the district court's order because the district court lacked jurisdiction to grant real party in interest's NRCP 60(b) motion and the order also affects petitioner's attorney, who has no appeal rights. Real party in interest has replied, asserting that the petition merely attempts to extend the appeal deadline and that the district court's

15-01698

order does not sanction petitioner's attorney, such that the attorney could challenge it personally through a writ petition.

Having considered the parties' arguments, we summarily deny the writ petition, as it challenges a substantively appealable order. *See* NRAP 3A(b)(8) (permitting an appeal from a special order entered after final judgment, except for an order "granting a motion to set aside a default judgment under NRCP 60(b)(1) when the motion was filed and served within 60 days after entry of the default judgment"); *Lindblom v. Prime Hospitality Corp.*, 120 Nev. 372, 374 n.1, 90 P.3d 1283, 1284 n.1 (2004) (explaining that an order setting aside a default judgment is appealable as a special order after final judgment if the motion to set aside is made more than 60 days after entry of the judgment). In particular, real party in interest's motion for relief from the judgment was filed more than six months after entry of the judgment, and in granting the motion, the district court specifically rejected real party in interest's "excusable neglect" argument under NRCP 60(b)(1), noting that the motion was filed well beyond the six-month window for moving for such relief under NRCP 60(b)(1).

While the order granting relief from the judgment based on a finding of fraud was subject to challenge by appeal, notice of that order's entry was served by mail on August 13, 2014, and petitioner did not file a notice of appeal within the 33-day appeal period. *See* NRAP 4(a)(1); NRAP 26(c). Instead, petitioner filed this writ petition on September 17, 2014, 35 days after the order's notice of entry was served. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224-25, 88 P.3d 840, 841 (2004) (noting that an appeal provides an adequate remedy that generally precludes writ relief, and regardless, "writ relief is not available to correct an untimely

 

notice of appeal"). Accordingly, we decline to consider the merits of this writ petition, NRAP 21(b), and instead

ORDER the petition DENIED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Robert W. Lane, District Judge
Aldrich Law Firm, Ltd.
Fabian & Clendenin, P.C. (Utah)
John Ohlson
Nye County Clerk