# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MARK N. GARLAND,<br>Appellant,<br>vs.<br>JONATHAN S. GARLAND,<br>Respondent. | No. 66232 |
| MARK N. GARLAND,<br>Appellant,<br>vs.<br>JONATHAN S. GARLAND,<br>Respondent. | No. 66687 |

FILED

MAY 1 2 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER VACATING AND REMANDING (DOCKET NO. 66232) AND AFFIRMING (DOCKET NO. 66687)*

These are consolidated appeals from district court orders denying an NRCP 60(b) motion to set aside a default judgment (Docket No. 66232) and denying sanctions (Docket No. 66687). Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Having considered the parties' arguments and the record, we agree with appellant that the district court abused its discretion in denying appellant's motion for NRCP 60(b) relief. *Minton v. Roliff*, 86 Nev. 478, 481, 471 P.2d 209, 210 (1970) (reviewing an order resolving a motion to set aside a default judgment for an abuse of discretion). Although the district court found a lack of good faith based on appellant's failure to resubmit his motion to dismiss the complaint with a proper form of payment, failure to serve a copy of his motion to dismiss on respondent, and his delay in moving to set aside the default judgment until after he learned that his bank account had been garnished, the court did not analyze other relevant factors, including whether appellant lacked intent to delay the proceedings and knowledge of procedural requirements, and

the general policy of deciding cases on the merits. *See Kahn v. Orme,* 108 Nev. 510, 513, 835 P.2d 790, 792-93 (1992). Additionally, the district court determined that appellant did not tender a meritorious defense to respondent's claims for relief, but the meritorious defense requirement has been abolished, *see Epstein v. Epstein,* 113 Nev. 1401, 1405, 950 P.2d 771, 773 (1997), and thus the district court's finding in that regard did not warrant denying the motion to set aside.

Accordingly, we vacate the order denying NRCP 60(b) relief and we remand this matter to the district court for it to consider the other relevant factors in deciding appellant's motion.[1] As for appellant's appeal

---

[1]In reaching this decision, we were not persuaded by appellant's argument that the default judgment is void for failure to comply with NRCP 55(b)(2). The record supports the court's findings that appellant stopped communicating with respondent many months before the complaint was filed and appellant did not resubmit to the court his motion to dismiss with the filing fee or serve a copy of the motion on respondent to give respondent clear indication of appellant's intent to contest the claim. *see Lindblom v. Prime Hospitality Corp.,* 120 Nev. 372, 376, 90 P.3d 1283, 1285 (2004) (concluding that defendants were entitled to NRCP 55(b)(2) notice where the parties had extensive settlement interactions before the initiation of formal legal proceedings and those "pre-suit interactions evince[d] a clear intent to appear and defend"); 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2686 (3d ed. 1998). Regardless, on February 28, respondent mailed to appellant a copy of a request for a March 11 default judgment hearing, which would satisfy the notice requirement here. 10A Wright, *supra,* § 2687 ("Notice of an application for the entry of a default judgment need not be in any particular form. The major consideration is that the party is made aware that a default judgment may be entered against him.").

Appellant argues for the first time on appeal that the clerk violated his or her duties by not filing appellant's motion to dismiss and instead returning it with instruction to pay the filing fee. Although appellant suggests that the argument may be considered because it implicates his

*continued on next page...*

in Docket No. 66687 from the post-judgment order denying sanctions, we perceive no error in that decision and thus we affirm.[2]

It is so ORDERED.[3]

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:    Hon. Douglas Smith, District Judge
Carolyn Worrell, Settlement Judge
Marquis Aurbach Coffing
Cram Valdez & Brigman & Nelson
Eighth District Court Clerk

---

...*continued*
constitutional right to court access, in district court he argued only that his own neglect was excusable and that the judgment should be set aside for that reason. Thus, we did not consider the argument in reaching a decision on appeal. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

[2]The portion of the order denying appellant's request for the return of garnished funds is not appealable, *see* NRAP 3A(b), and we are not persuaded by appellant's argument that the decision is appealable as an order refusing to dissolve a prejudgment writ of attachment or as an order granting or denying injunctive relief.

[3]Appellant's request that this court "instruct that this case be assigned to a different judge" is denied.