# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT P. MEISEL AND NEIL S. MEISEL, AS CO-TRUSTEES OF THE MEISEL FAMILY TRUST DATED SEPTEMBER 2, 2014, AS AMENDED, AND AS PERSONAL REPRESENTATIVES OF THE ESTATE OF PHILIP L. MEISEL,
Appellants,
vs.
ARCHSTONE INVESTMENT PARTNERS, LP, A DELAWARE LIMITED PARTNERSHIP; ARCHSTONE INVESTMENT PARTNERS, LLC, A DELAWARE LIMITED LIABILITY COMPANY; KJM SECURITIES, INC., A NEW YORK CORPORATION; AND CHRISTIAN R. HYLDAHL, AN INDIVIDUAL,
Respondents.

No. 68122

FILED

OCT 13 2017



ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting an NRCP 60(b) motion to set aside a judgment for excusable neglect and surprise.[1] Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

Motions to set aside a judgment for excusable neglect or surprise must be filed within six months after written notice of the judgment's entry is served. NRCP 60(b)(1). Any such motions filed outside of the six-month period must be denied. *Doan v. Wilkerson*, 130 Nev., Adv.

---

[1]Having reviewed appellants' response to our April 11, 2017, show cause order and respondents' reply, we conclude that we have jurisdiction over this appeal. *See* NRAP 3A(b)(8); *Lindblom v. Prime Hosp. Corp.*, 120 Nev. 372, 374 n.1, 90 P.3d 1283, 1284 n.1 (2004).

Op. 48, 327 P.3d 498, 501 (2014). Here, notice of the district court's July 23, 2014, judgment was electronically filed and served on July 23, 2014, and also served by mail that same day on respondents' counsel of record, at their last-known addresses, as well as at the last-known address for respondent Christian R. Hyldahl. More than six months later, on March 24, 2015, respondents moved to set aside the judgment.

The district court concluded that the motion was timely because service of notice of entry was not truly effectuated on July 23, as it was apparent from the record that, at the time notice was served, counsel of record had no known address, per NRCP 5(b)(2)(C). NRCP 5(b)(2)(C) did not apply, however, because NRCP 5(b)(2)(B) allows for service by mailing to counsel's last-known address, even if that address is non-operational,[2] and here, the notice was mailed to counsel's last-known addresses. Moreover, notice was mailed to Hyldahl at his last-known address as well. *Cf. Durango Fire Prot., Inc. v. Troncoso*, 120 Nev. 658, 663, 98 P.3d 691, 694 (2004) (concluding that a company's claimed lack of knowledge regarding a hearing is not supportable when notice of the hearing was given to counsel and mailed to the company owner's address of record, because under NRCP 5(b), service is complete upon mailing). Accordingly, respondents were properly served with the judgment's notice of entry, and thus, their motion

---

[2]As respondents were properly served notice, the district court's order cannot be upheld under an independent action theory. *See Bonnell v. Lawrence*, 128 Nev. 394, 399, 282 P.3d 712, 715 (2012) ("Resort to an independent action may be had only rarely, and then only under unusual and exceptional circumstances." (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2868, at 397–98 (2d ed.1995))).

for relief under NRCP 60(b) was untimely. Consequently, the motion should have been denied. Therefore, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court to enter an order denying the NRCP 60(b) motion and reinstating the court's July 23, 2014, judgment.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Mark R. Denton, District Judge
Lansford W. Levitt, Settlement Judge
Paul C. Ray, Chtd.
Michael R. Mushkin & Associates, P.C.
Eighth District Court Clerk