# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ROBERT J. TAIT, M.D., AN INDIVIDUAL,<br>Appellant,<br>vs.<br>JAMES J. WHITTACRE, AN INDIVIDUAL,<br>Respondent. | No. 74911 |
| ROBERT J. TAIT, M.D.,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE RICHARD SCOTTI, DISTRICT JUDGE,<br>Respondents,<br>  and<br>JAMES J. WHITTACRE,<br>Real Party in Interest. | No. 74960<br><br>**FILED**<br><br>APR 19 2019<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |

## *ORDER OF AFFIRMANCE (DOCKET NO. 74911) AND DENYING PETITION FOR WRIT OF MANDAMUS (DOCKET NO. 74960)*

This is an appeal from a district court order granting an NRCP 60(b) motion to set aside the judgment consolidated with a petition for a writ of mandamus or prohibition challenging the same district court order. Eighth Judicial District Court, Clark County; Richard Scotti, Judge.

Dr. Robert Tait performed a carpal tunnel release on James Whittacre's wrist in December 2012. Whittacre's symptoms worsened, so Dr. Tait performed a second surgery as an exploratory operation. Whittacre ultimately filed a medical malpractice suit against Dr. Tait asserting Dr. Tait had severed a nerve in Whittacre's wrist during the carpal tunnel release. The jury returned a verdict in favor of Dr. Tait.

Following the trial, Whittacre had surgery performed on that wrist by a different doctor to remove a lump. A report from the subsequent doctor noted that Whittacre's nerve was cut in two different places,

19-17382

indicating that it may have been cut during Dr. Tait's initial surgery. Whittacre then filed a motion to set aside the judgment under NRCP 60(b), arguing that the report from the subsequent doctor indicating that Whittacre's nerve was cut was newly discovered evidence not available at trial. The court granted that motion and set a new trial date. Dr. Tait now appeals.[1]

A decision to vacate or set aside a judgment pursuant to NRCP 60(b) is reviewed for an abuse of discretion. *Cook v. Cook*, 112 Nev. 179, 181-82, 912 P.2d 264, 265 (1996). In order to grant relief under a remedial statute for newly discovered evidence, the evidence must be material or important. *Whise v. Whise*, 36 Nev. 16, 24, 131 P. 967, 969 (1913); *see also Bramlette v. Titus*, 70 Nev. 305, 312-13, 267 P.2d 620, 623-24 (1954) (the newly discovered evidence must be unusual and exceptional, and not cumulative or for purposes of impeachment).

We conclude that the district court did not abuse its discretion in setting aside the judgment based on newly discovered evidence. Although there were expert witnesses testifying as to whether the median nerve was cut, until the additional surgery, Dr. Tait was the only doctor who had seen the nerve. All previous testimony was based off of symptoms and speculation from experts. Whether the nerve was cut is a fact material to proving whether Dr. Tait's treatment fell below the standard of care. New evidence proving that the nerve was, in fact, cut, based on an observation of the cut nerve itself, could only have been obtained through a

---

[1]Dr. Tait filed both an appeal and a writ petition because of uncertainty as to whether the court would have jurisdiction over the appeal. We conclude that we have jurisdiction over this appeal. *See* NRAP 3A(b)(2); *Lindblom v. Prime Hosp. Corp.*, 120 Nev. 372, 374 n.1, 90 P.3d 1283, 1284 n.1 (2004). Thus, we deny the petition for writ of mandamus or prohibition docketed in Docket No. 74960 as moot.

subsequent surgery. This evidence is the type of evidence that is so material to a case it would warrant a new trial, as it is likely to change the outcome of the case. Thus, the district court did not abuse its discretion in setting aside the judgment based on newly discovered evidence.[2] Accordingly, we

ORDER the district court's order AFFIRMED in Docket No. 74911 and the petition in Docket No. 74960 DENIED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

---

[2]Dr. Tait additionally argues that the district court abused its discretion in setting aside the judgment based on fraud. However, in light of our conclusion regarding newly discovered evidence, we decline to address this argument.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Richard Scotti, District Judge
Lansford W. Levitt, Settlement Judge
Lauria Tokunaga Gates & Linn, LLP/Las Vegas
Lemons, Grundy & Eisenberg
Marcek Law Offices
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A